2011 UT App 256

**John A. LYON, Plaintiff and Appellant,**

v.

**Donald W. BRYAN, M.D., Defendant and Appellee.**

No. 20100006–CA.

Court of Appeals of Utah.

Aug. 4, 2011.

E. Scott Savage and Kyle C. Thompson, Salt Lake City, for Appellant.

David H. Epperson and J. Kevin Murphy, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and VOROS.

## OPINION

THORNE, Judge:

¶1 John A. Lyon appeals from a jury verdict in favor of Donald W. Bryan, M.D., arguing that there was insufficient evidence from which the jury could have found that Bryan's negligence did not cause Lyon's injuries. Lyon filed a motion for new trial in the district court on this basis, which the district court denied. We affirm the district court's denial of Lyon's new trial motion.

## BACKGROUND

¶2 On November 15, 2005, Lyon underwent rotator cuff surgery performed by Bryan. Around November 25, Lyon began experiencing swelling and pain in his left arm, and on November 28, Lyon had a postoperative appointment with Bryan. Lyon testified that he complained to Bryan at the appointment that he had pain and swelling in his arm and that it felt like it was "going to explode." Lyon testified that he showed Bryan two "very distinctive lumps, very large," that had manifested in the crease of his left elbow. Bryan, however, recorded Lyon's condition as representing an uneventful recovery from the rotator cuff surgery, with no more pain or swelling than would ordinarily be expected.

¶3 On December 1, Lyon began coughing up blood and experiencing excruciating pain in his back and shortness of breath. The next morning, Lyon called Bryan to report his symptoms and schedule an appointment. Bryan referred Lyon to his family doctor, who suspected that Lyon may have suffered a deep vein thrombosis (DVT) or blood clot and that the DVT had resulted in a pulmonary embolism. A sonogram test confirmed that Lyon had indeed suffered an embolism. As a result of the embolism, Lyon spent several days in the hospital and suffered other damages.

¶4 Lyon sued Bryan for negligence, alleging that Bryan had negligently failed to diagnose the DVT at the November 28 postoperative visit. The contested issues at trial were (1) whether Bryan acted negligently when he failed to diagnose Lyon's arm swelling as a DVT and (2) whether Bryan's misdiagnosis was the proximate cause of the pulmonary embolism and resulting damages. To this end, Lyon's expert witness, Dr. Anthony B. Serfustini, testified that it was more likely than not that the pulmonary embolism had resulted from the misdiagnosis. Bryan presented no testimony, expert or otherwise, that the misdiagnosis did not cause Lyon's damages. The jury determined that Bryan

was negligent but that his negligence was not the cause of Lyon's injuries.

¶ 5 Lyon filed a motion for a new trial, arguing that the evidence was insufficient to support the jury's finding of no causation. The district court denied the motion, and Lyon appeals.

## ISSUE AND STANDARD OF REVIEW

■ ¶ 6 Lyon argues that the district court erred in denying his motion for a new trial because there was insufficient evidence to support the jury's finding of no causation.[1] "We ordinarily review the district court's denial of a new trial motion only for an abuse of discretion." *Florez v. Schindler Elevator Corp.*, 2010 UT App 254, ¶ 10, 240 P.3d 107.

## ANALYSIS

¶ 7 Lyon argues that the undisputed evidence at trial was that his DVT–related damages were the result of Bryan's misdiagnosis at the November 28 postoperative visit. In light of Bryan's failure to present testimony that his misdiagnosis did not cause Lyon's damages and the jury's finding that Bryan was negligent, Lyon argues that the district court erred when it refused to grant his motion for a new trial. We conclude that the district court did not exceed the boundaries of its discretion in denying Lyon's motion.

■ ¶ 8 As an initial matter, we address Bryan's argument that the jury may have concluded that Bryan's negligence was not in misdiagnosing Lyon's DVT but rather in failing to take appropriate notes. In his closing argument, Lyon emphasized that Bryan had placed notes in Lyon's file indicating that Bryan had informed Lyon about the risk of DVTs, when in fact he had not. Lyon repeatedly referred to Bryan's notes as "phony" and argued that Bryan's other notes—which supported Bryan's testimony that Lyon had not told him of pain and swelling at the November 28 appointment—were equally

unreliable. Additionally, neither the jury instructions on negligence nor the special verdict limited the jury's consideration of Bryan's potential negligence to the alleged misdiagnosis.

¶ 9 After considering both Lyon's emphasis on the notes and the general nature of the negligence instructions and special verdict form, the district court agreed with Bryan's argument that the jury could reasonably have concluded that Bryan was negligent in failing to take and keep proper notes but that such a failure in no way caused Lyon's injuries. Lyon argues that the district court's reliance on this alternate theory of negligence represents pure speculation and runs contrary to an introductory jury instruction that the alleged negligence in the case was Bryan's failure "to diagnose and treat blood clots in [Lyon's] arm." Nevertheless, we agree with the district court that such reasoning by the jury is a distinct possibility under the facts of this case.

■ ¶ 10 We also affirm the judgment below because the jury was not required to believe Serfustini's expert testimony on causation. A jury's latitude to weigh the credibility of witnesses is extraordinarily broad. We will override a jury's acceptance of factual testimony only if the fact testified to is "physically impossible" or when the falsity of the testimony is "apparent, without any resort to inferences or deductions." *See generally State v. Robbins*, 2009 UT 23, ¶ 17, 210 P.3d 288 (internal quotation marks omitted). When it assesses expert testimony, a jury's latitude is even broader. *See State v. Carter*, 707 P.2d 656, 663 (Utah 1985) ("[A] jury is free to disregard expert testimony in whole or in part. . . ."); *Sorensen v. Sorensen*, 769 P.2d 820, 823 (Utah Ct.App.1989) ("[A]ssessing the weight and credibility of expert witness testimony is a matter for the trier of fact."). A jury is not required to believe an expert witness even when that expert's opinion is unchallenged by the opinion of an opposing expert. *See Neely v. Bennett*, 2002

---

1.  Lyon also raises a direct challenge to the jury's verdict based on insufficiency of the evidence. Bryan argues that this issue was not preserved for appeal because Lyon failed to make a directed verdict motion prior to the case being submitted to the jury. However, we believe that our analysis of the denial of Lyon's new trial motion also addresses Lyon's direct insufficiency argument, and we do not separately address either that argument or Bryan's argument on preservation.

UT App 189, ¶ 13, 51 P.3d 724 ("Neely asserts that because Bennett failed to counter the testimony of her medical experts with expert testimony of his own, she successfully established causation as a matter of law. However, causation is a question of fact and jurors are empowered to weigh expert testimony as they deem appropriate.").

¶ 11 Thus, even in the absence of countervailing testimony, the jury was not required to simply accept Serfustini's testimony that Bryan's negligence was the cause of Lyon's damages. Rather, it was the jury's prerogative to probe, test, weigh, and evaluate any evidence presented, including the testimony of expert witnesses. In this case, after listening to Serfustini's testimony, the jury was within its province to accept that testimony at face value or to disregard part or all of it as warranted under the circumstances. And if the jury chose not to believe Serfustini's causation testimony,[2] then it appropriately found that Lyon did not meet his burden of establishing causation.

¶ 12 Lyon relies heavily on *Ortiz v. Geneva Rock Products, Inc.*, 939 P.2d 1213 (Utah Ct.App.1997), for the proposition that undisputed evidence can establish a particular fact as a matter of law. In *Ortiz*, a cement worker sued after being struck by the chute of a cement truck. *See id.* at 1215. The undisputed evidence at trial, presented by three of the plaintiff's witnesses, was that the defendant's employee had acted negligently in operating the chute. *See id.* at 1217. This court reversed the jury's verdict of no negligence, concluding that "no substantial competent evidence was presented at trial upon which a reasonable, fair jury could enter a finding of absolutely no negligence." *Id.* at 1218 (citation and internal quotation marks omitted).

■ ¶ 13 We observe that *Ortiz* is readily distinguishable from the instant case. We note that the district court found that Serfustini's causation testimony was "very brief" and "was not presented in an emphatic, or even a very clear, manner." By contrast, the negligence testimony in *Ortiz* appears to have been clear, detailed, and substantial. *See id.* at 1217. The instant case also involves expert testimony rather than lay testimony. It is a jury's prerogative to completely disregard any particular expert's opinion, even in the absence of conflicting testimony. *See Neely*, 2002 UT App 189, ¶ 13, 51 P.3d 724; *Dixon v. Stewart*, 658 P.2d 591, 597 (Utah 1982) ("No matter how arcane the subject matter or how erudite the witness, the jury is not required to accept [an] expert's testimony as conclusive. The jurors may give such testimony any weight they choose, including no weight at all."). Thus, even in the absence of a countervailing expert's testimony that Bryan's misdiagnosis did not cause Lyon's damages, the jury here was entitled to reject Serfustini's causation testimony and, having done so, to conclude that Lyon had not met his burden of proof to establish all elements of his negligence claim.

## CONCLUSION

¶ 14 We conclude that the jury's finding that Bryan's negligence did not cause Lyon's injuries was supported by adequate evidence because the jury was entitled to disbelieve the only causation evidence presented, Serfustini's expert testimony. If the jury did not believe Serfustini, there was no other evidence to support a finding that Lyon had met his burden of proving causation. Accordingly, the district court did not err in denying Lyon's motion for a new trial. Affirmed.

¶ 15 WE CONCUR: GREGORY K. ORME and J. FREDERIC VOROS JR., Judges.

---

2. For example, the jury could reasonably have found that the proximate cause of Lyon's damages was his failure to seek treatment more promptly when his symptoms intensified on the evening of December 1, or that the pulmonary embolism would have occurred notwithstanding Bryan's misdiagnosis.